IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LUIS RAMOS | : | CIVIL ACTION |
| v. | : | |
| ROBERT COLLINS, et al. | : | NO. 13-433 |

### MEMORANDUM ORDER

AND NOW, this 28th day of June, 2013, upon consideration of petitioner's Motion for Leave to Supplement and/or Amend his Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (the "Motion") (Doc. 15), it is hereby

### ORDERED

that the Motion is **DENIED**.

On April 23, 2013, the undersigned filed a Report and Recommendation, recommending that petitioner's application for a writ of habeas corpus be denied. (Doc. 11.) On June 10, 2013, petitioner filed the Motion, seeking to supplement and/or amend the claims in his habeas petition. By Order dated June 14, 2013, the Honorable Michael M. Baylson referred the Motion to the undersigned for decision. (Doc. 16.)

In his Motion, petitioner seeks to add two new claims to his previously filed petition for writ of habeas corpus. First, petitioner claims that the evidence at his trial was insufficient to support his conviction for second degree murder. (Mot. at 3-8.) This claim was raised previously petitioner in the "Supplemental Statement" that he filed on April 1, 2013 (Doc. 10). The issues raised in the Supplemental Statement were considered and addressed by the undersigned in the Report and Recommendation. See Report and Recommendation at 10-13.

Therefore, this court will not consider the claim for a second time.

Petitioner's second claim alleges that his conviction for second degree murder was against the weight of the evidence.  See Mot. at 9-10.  This claim was not considered by the court in the Report and Recommendation.  Nevertheless, assuming that the Motion was timely filed within the one-year period of limitation under 28 U.S.C. § 2244(d), and that the Motion is otherwise properly filed, the Motion must be denied.  A weight of the evidence claim requires an evaluation of the credibility of the evidence presented at trial and a state court's credibility findings are binding on a federal habeas court.  Marshall v. Lonberger, 459 U.S. 422, 434-35 (1983).  Thus, it is well established that a challenge to the weight of the evidence produced at trial is not cognizable in a federal habeas corpus proceeding.  See Alamo v. Frank, 1999 WL 79659, at *1 n.2 (E.D. Pa. Jan. 15, 1999) ("It is beyond the province of this court to consider the weight, as opposed to the sufficiency, of the evidence."); Smith v. Vaughn, 1997 WL 338851, at *8 (E.D. Pa. June 17, 1997) ("[A] federal habeas court has no power to grant habeas corpus relief because it finds that the state conviction is against the 'weight' of the evidence.").  See also Conover v. Mazurkiewicz, 2012 WL 7809100, at *8 (Dec. 7, 2012) (same), Report and Recommendation approved and adopted by, 2013 WL 1286163 (E.D. Pa. Mar. 28, 2013).

BY THE COURT:

_/Thomas J. Rueter_____
THOMAS J. RUETER
United States Magistrate Judge