### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LUIS RAMOS**<br><br>v.<br><br>**ROBERT COLLINS, et al.** | **CIVIL ACTION**<br><br>**NO. 13-433** |

### MEMORANDUM

**Baylson, J.**                                                                                    **September 27, 2013**

Petitioner is serving a life sentence for second degree murder in state court and filed a *pro se P*etition for Writ of Habeas Corpus under 28 U.S.C. § 2254.   The petition alleged that petitioner's counsel at the state court trial was ineffective and denied him his rights under the Sixth Amendment of the United States Constitution.   Petitioner also made other claims, including that the evidence was insufficient to support the verdict.

In a Report and Recommendation dated April 23, 2013 (ECF 11), Magistrate Judge Thomas J. Rueter, after a thorough review of the petitioner's claims and the state court record, concluded that petitioner's claim of ineffective counsel was not cognizable because it had been procedurally defaulted in that it had not been raised in state court.   As to the claim that the evidence was insufficient to support the verdict, Magistrate Judge Rueter also thoroughly considered and rejected that claim as well, also noting that generally, the sufficiency of evidence is not cognizable on a federal habeas proceeding, after it has been reviewed by the state courts, which took place in this case.

Petitioner then filed a Motion for Leave to Supplement and/or Amend his petition asserting certain claims had been inadvertently omitted because of extraordinary circumstance, including that petitioner does not read or write or understand the English language (ECF 15).

This Court ordered that the matter would be remanded to Magistrate Judge Rueter for consideration of the assertions petitioner put forth in his Motion.

Magistrate Judge Rueter then filed a another Memorandum on June 28, 2013 (ECF 17), concluding that he had considered and denied the claims that petitioner was asserting as "additional" claims.

Petitioner then filed Supplemental Written Objections and requested that the matter once again be referred back to Magistrate Judge Rueter to address the "actual/statute innocent and the verdict being against the weight of the evidence and insufficient as a matter of well established federal law" (ECF 19).

The Court has reviewed the Report and Recommendation by Magistrate Judge Rueter and all objections filed by petitioner, and Magistrate Judge Rueter's Memorandum of June 28, 2013.

Initially, the Court agrees with Magistrate Judge Rueter that petitioner's claim of ineffective counsel was procedurally defaulted and therefore cannot be raised in federal habeas proceedings for the reasons stated by Magistrate Judge Rueter.

Furthermore, petitioner's claim of insufficient evidence, although phrased in many different ways, is still not cognizable in this federal habeas proceeding because it was thoroughly raised on petitioner's direct appeal, and there is no assertion based on the record that would allow Magistrate Judge Rueter, or this Court, to conclude that there were any transgressions on petitioner's federal constitutional rights.

In his most recent Supplemental Written Objections, petitioner also purports to raise a claim of actual innocence. Not only is the claim belated, but it is thoroughly refuted by the state court trial record which contains ample evidence to show that there was substantive and substantial evidence introduced at the trial supporting the guilty verdict at trial.

For these reasons, petitioner's § 2254 Motion will be **DENIED** along with a finding that

there is no reason to grant certificate of appealability.

An appropriate Order follows.